1

2

3

4

5                             UNITED STATES DISTRICT COURT

6                             EASTERN DISTRICT OF WASHINGTON

7    DUSTIN CANFIELD and DARRIK
     GREGG,                                      NO. 2:24-CV-0098-TOR
8
                          Plaintiffs,            ORDER DENYING PLAINTIFFS'
9                                                MOTION TO REMAND

         v.
10
     GRANT COUNTY SHERIFF'S
11   OFFICE, a Division of Grant County;
     GRANT COUNTY, a legal
12   organized county existing under the
     laws of the State of Washington;
13   TOM JONES, individually; and
     RYAN RECTENWALD,
14   individually,

15                        Defendants.

16        BEFORE THE COURT is Plaintiffs' Motion for Remand or Abstention.

17   ECF No. 3.  This matter was submitted for consideration without oral argument.

18   The Court has reviewed the record and files herein, the completed briefing, and is

19   fully informed.  For the reasons discussed below, Plaintiffs' Motion for Remand or

20   Abstention (ECF No. 3) is **DENIED**.

     ORDER DENYING PLAINTIFFS' MOTION TO REMAND ~ 1

**DISCUSSION**

Plaintiffs argue that remand is appropriate because removal is untimely, that Defendants waived the right to removal, and abstention should apply.

Title 28 United States Code § 1441 governs removal of cases from state court to federal court.  Generally, a defendant may remove a case to federal court if the federal court would have subject-matter jurisdiction over one or more of the plaintiff's claims pursuant to 28 U.S.C. §§ 1331 (federal question) or 1332 (diversity of citizenship).  *See* 28 U.S.C. § 1441(a), (b).  According to 28 U.S.C. 1446(b), the notice of removal shall be filed within 30 days after the receipt by the defendant of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based.  Once a case has been properly removed, a federal court must generally entertain all claims over which it has original subject-matter jurisdiction.  *See Quackenbush v. Allstate Ins. Co.,* 517 U.S. 706, 716 (1996) (noting that "federal courts have a strict duty to exercise the jurisdiction that is conferred upon them by Congress" in removal proceedings).

Here, Defendants' Notice of Removal was filed the very next day after Plaintiffs added a federal cause of action to their state case (ECF No. 1-22) under the First Amendment to the Constitution.  "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.  Plaintiffs' Motion for Remand argues that

ORDER DENYING PLAINTIFFS' MOTION TO REMAND ~ 2

1    Defendants waived their right to removal.  However, Plaintiffs have offered no

2    evidence to support that the Defendants waived their right to removal.  In fact,

3    Defendants specifically stipulated that "All procedural and/or substantive rights

4    and defenses available to the Defendants are specifically reserved and not waived

5    by the Defendants' stipulation to good cause for the granting of Plaintiffs' motion

6    for leave to file an amended complaint."  *See* ECF No. 1-21 at 2.  Accordingly, the

7    Court has federal question jurisdiction over this claim.  28 U.S.C. § 1331.  This

8    case was therefore timely and properly removed to federal court.  28 U.S.C. §

9    1441(a).

10         Plaintiffs' citation to the administrative claims filed do not allow removal.

11    Only a complaint in state court alleging a federal cause of action invokes the

12    removal statute.

13         Next, Plaintiffs argue that this Court should abstain from deciding the state

14    causes of action.  "[F]ederal courts may decline to exercise their jurisdiction, in

15    otherwise '"exceptional circumstances,"' where denying a federal forum would

16    clearly serve an important countervailing interest."  *Quackenbush*, 517 U.S. at 716

17    (citing *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800,

18    813 (1976)).  Abstention "is the exception, not the rule."  *Knudsen Corp. v. Nevada*

19    *State Dairy Comm'n*, 676 F.2d 374, 376 (9th Cir. 1982) (citation omitted).

20    However, abstention principles do not permit a district court to dismiss or remand

ORDER DENYING PLAINTIFFS' MOTION TO REMAND ~ 3

1  an action for damages.  *Quackenbush*, 517 U.S. at 721.  Because Plaintiffs'

2  Complaint seeks money damages and not just injunctive relief, abstention does not

3  apply.

4      Even if abstention could be applied in this case, the relevant factors would

5  not weigh in favor of abstention.  Abstention may be appropriate where "(1) […]

6  the state has concentrated suits involving the local issue in a particular court; (2)

7  the federal issues are not easily separable from complicated state law issues with

8  which the state courts may have special competence; and (3) […] federal review

9  might disrupt state efforts to establish a coherent policy."  *Tucker v. First*

10  *Maryland Sav. & Loan, Inc.*, 942 F.2d 1401, 1405 (9th Cir. 1991).  Here, Plaintiffs

11  argue generally that the state court is in the better position to analyze local rules

12  and laws applicable to Plaintiffs' suit.  Plaintiffs are not entitled to remand on this

13  ground.

14      When a case is removed to federal court on the basis of federal question

15  jurisdiction, a court must first verify that it does in fact have federal question

16  jurisdiction over at least one of the plaintiff's claims.  If the court concludes that

17  federal question jurisdiction over at least one claim is present, it must then decide

18  whether to exercise supplemental jurisdiction over any other related claims that do

19  not present a federal question.  *See* 28 U.S.C. § 1367(a).

20

ORDER DENYING PLAINTIFFS' MOTION TO REMAND ~ 4

Under § 1367, a court must perform a two-pronged inquiry when deciding whether to exercise supplemental jurisdiction over pendent claims in a removal proceeding.  First, the court must determine whether the pendent claims arise from the "same case or controversy" as the claim(s) over which it has original jurisdiction pursuant to § 1331.  28 U.S.C. § 1367(a).  If this condition is not satisfied, the court must remand the pendent claims to the state court in which they were originally filed for lack of subject-matter jurisdiction.  28 U.S.C. § 1441(c)(2).

Second, if the court concludes that § 1367(a)'s "same case or controversy" requirement is satisfied, it must then decide whether to exercise supplemental jurisdiction over the pendent claims if:

> (1) the claim raises a novel or complex issue of State law;
> (2) the claim substantially predominates over the claim or claim over which the district court has original jurisdiction;
> (3) the district court has dismissed all claims over which it has original jurisdiction; or
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1362(c).  To the extent that exercising supplemental jurisdiction would be inconsistent with these considerations, the court may remand the pendent claims to the state court in which they were originally filed.  *See Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350-51 (1988).

1        Here, Plaintiffs assert the Court is not required to exercise supplemental

2   jurisdiction over their state law claims, but they make no argument regarding the

3   relevant § 1367 factors.  Plaintiffs assert generally that the state court is in a better

4   position to decide the issues.  To the contrary, judicial efficiency would not be

5   served by allowing this Court to retain jurisdiction over Plaintiffs' federal

6   constitutional claim and remanding the other claims to state court when the claims

7   arise from the same alleged conduct.  Additionally, it is not clear from the face of

8   the Complaint that these claims will raise novel or complex issues.

9        Because Plaintiffs have not identified a compelling reason for this Court to

10  use its discretion to decline to exercise supplemental jurisdiction over their state

11  law claims, Plaintiffs are not entitled to remand.

12  **ACCORDINGLY, IT IS HEREBY ORDERED:**

13       Plaintiffs' Motion for Remand or Abstention, ECF No. 3, is **DENIED**.

14       The District Court Executive is directed to enter this Order and furnish

15  copies to counsel.

16       **DATED** June 5, 2024.

17  

18                                THOMAS O. RICE
                          United States District Judge

19

20

    ORDER DENYING PLAINTIFFS' MOTION TO REMAND ~ 6